IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 10 CR 794-1
                               )
DIANISO DORSEY,                )
                               )
          Defendant.           )

                       MEMORANDUM ORDER

     Dianiso Dorsey ("Dorsey") has just submitted a self-prepared Motion To Amend Sentence, seeking relief from the 37-month custodial sentence that this Court imposed on April 21, 2011 for the distribution of crack cocaine. In his motion Dorsey "further avers that if he is resentenced under the newly amended guidelines, he would receive a sentence significantly less than the one imposed." Because as explained hereafter Dorsey is mistaken in his premise, his motion is denied.

     First, Dorsey is correct in looking to the Sentencing Guidelines rather than the Fair Sentencing Act of 2010 as the basis for any possible relief--our Court of Appeals is among those that have refused to apply the statutory change retroactively to persons whose crack-cocaine-related conduct took place before the statute's adoption (as is true of Dorsey). But what Dorsey obviously does not realize is that the Guideline calculation in his case, and the sentence arrived at by this Court, effectively gave him the full benefit of the retroactivity

of Amendment 750 to the Guidelines.

As Dorsey's Presentence Investigation Report reflects, the crack cocaine that he distributed came to 71.8 grams, a quantity that before the Guideline amendment would have equated to an offense level of 30 (which then applied to at least 50 grams but less than 150 grams of crack). Under the amended Guideline that offense level was reduced to 26, applicable to a crack cocaine quantity of at least 28 grams but less than 112 grams. And at sentencing this Court in fact applied the 26 offense level called for by the Guideline change, a number that after adjustments became a net offense level of 21--and that, coupled with Dorsey's criminal history category of I, produced a Guideline range of 37 to 46 months.

After applying the standards called for by 18 U.S.C. §3553(a), this Court imposed a custodial sentence of 37 months--the low end of the reduced Guideline range. Thus Dorsey actually received the benefit of that reduced Guideline range, and (as stated earlier) his current motion is based on a misunderstanding of the facts. Dorsey is not entitled to relief under 18 U.S.C. §3582(c)(2), and his motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 15, 2011